*Saussy & Saussy,* contra.

---

### HALL *v.* COLEMAN.

ATKINSON, J. 1. To a suit of foreclosure by a transferee of a note and mortgage on realty the defendant interposed a plea to the effect that she was a married woman at the time of the execution of the note, and that "the note and mortgage" were given for the debt of her husband, and the transferee took them with notice of these facts. On the trial there was evidence to the effect that the defendant's husband, having been convicted of a misdemeanor, was in jail under a sentence to pay a fine. The defendant testified that she called on the agent of the payee to pay the fine, and the latter asked, "Will you give me security for him paying it back and working it out?" The note was given, "so that if Sam [the husband] did not stay there and work out" the fine,

"I would pay it for him." Defendant's husband had been working for the payee, and thereafter continued to do so, "working to pay that debt." There was no evidence that the husband made any promise to the payee to induce him to pay the fine, or that he was consulted in regard to the negotiation which led to payment of the fine. He was in jail when the note was executed. Defendant further testified: "When I saw Judge Brewton I got the mortgage fixed up. I signed it, he paid the money in his office to get [defendant's husband] out of jail. . . I did not get it and did not pay it." On the subject of notice the evidence was to the effect that the plaintiff transferee was an agent of the payee and successor to the agent who paid the fine, and that he knew that defendant's husband was "working out this debt." In the presence of the defendant the plaintiff was told by another person, in the spring of 1908 before the transfer in August, that she was the wife of the convict whose fine had been paid, and at the same time she asked the payee, in the presence of the plaintiff, "How long before my note will come back to me?" and was informed, "It won't be very long." *Held:*

(a) The fine imposed on the husband of the plaintiff was not a debt due by him to the State.

(b) Under the evidence, the contract to repay the amount paid out in discharge of the fine was the original undertaking of the wife, and in no sense in payment of or as security for a debt due by her husband.

(c) If the debt had been that of the husband, the evidence was insufficient to show notice of such fact to the transferee.

2. Assignments of error which are not urged in the brief of counsel for the plaintiff in error will be considered as abandoned.

3. Under the pleadings and evidence, there was no error in directing a verdict in favor of the plaintiff.

> *Judgment affirmed. All the Justices concur.*
> SEPTEMBER 27, 1912.

Mortgage foreclosure. Before Judge Sheppard. Liberty superior court. June 15, 1911.

*Shelby Myrick,* for plaintiff in error. *J. R. Thomas,* contra.